# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA VICTORIANO, an individual on behalf of herself and all others similarly situated and the general public,<br><br>          Plaintiff,<br> vs.<br><br>CLASSIC RESIDENCE MANAGEMENT, LP dba VI AT LA JOLLA, a business form unknown; and DOES 1 to 100, inclusive,<br><br>          Defendants. | CASE NO. 14cv2346-LAB (JLB)<br><br>**ORDER OF REMAND**; **AND**<br><br>**ORDER DENYING ATTORNEY'S FEES** |

   Sheila Victoriano filed this action in San Diego County Superior Court on August 20, 2014, alleging numerous violations under the California Labor Code. She then filed a First Amended Complaint ("FAC") on September 4.

   Defendant Classic Residence Management ("CRM") removed this action on October 3, alleging traditional diversity jurisdiction under 28 U.S.C. § 1332(a). It then filed an Amended Notice of Removal ("Amended Notice") on October 16, 2014, alleging the Class Action Fairness Act (CAFA) as an additional basis for jurisdiction.

   On October 29, Victoriano moved to remand, and requested attorney's fees. CRM opposed the motion.

/ / /

**I.      Removal**

Under 28 U.S.C. § 1441(a), a case can be removed from state to federal court, provided it could originally have been brought in federal court. This statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988). The removing party bears the burden of establishing that the court has subject matter jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

**II.     DISCUSSION**

Victoriano says this case should be remanded because: (1) the removal was untimely; (2) the Amended Notice was untimely; (3) CRM failed to properly allege a prima facie case of diversity jurisdiction, and (4) CRM failed to allege a prima facie case of CAFA jurisdiction. The Court agrees that the CAFA claim was improperly pleaded; only the first three bases are addressed.

### A. Timeliness of Removal

Removing parties must comply with certain procedural requirements, such as timely filing the notice of removal. U.S.C. § 1441. That notice must be filed within thirty days after the service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A renewed thirty-day removal period commences when a defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Untimely removal is a procedural defect requiring remand to state court. *See* 28 U.S.C. § 1447(c).

Victoriano argues that removal occurred thirty days after service was effected on CRM's agent of service. Victoriano arrives at this trigger date based on its mailing of the summons and complaint to CRM's agent, which occurred on August 22. (*Id.*, 8:13–17.)

/ / /

/ / /

Because service is effective ten days following the mailing under California law, Victoriano contends the October 3 removal date is untimely. The Court agrees; CRM's agent was served more than thirty days before CRM removed.

### 1. Service of Process: Agent of Service

The sufficiency of service of process is "strictly a state law issue," and is therefore analyzed under California law. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir.1993), overruled on different grounds, *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008); *see also Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (examining California state law to determine whether service was proper). In California, a limited partnership may be served by delivering a copy of the summons and complaint to a person authorized to receive service on their behalf. Cal. Code Civ. Proc. § 416.40. Authorized persons include (1) the person designated for service of process by the unincorporated entity with the Secretary of State, or (2) "a general partner or the general manager of the partnership." *Id.*

Classic Residence Management is a Chicago-based limited partnership whose agent for service of process is listed as Prentice-Hall Corporation System. (Remand, Ex. 3, CA Sec. of State Business Entity Detail.) California Code of Civil Procedure section 415.40 applies to service on persons outside of California:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Code Civ. Proc. § 415.40.

Under this statute, the "person or persons to be served under are enumerated in sections 416.10 through 416.90." *Id.* Since CRM is a limited partnership, section 416.40 applies:

> A summons may be served on an unincorporated association (including a partnership) by delivering a copy of the summons and of the complaint . . . [i]f the association is a general or limited partnership [emphasis added], to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership.

*See* Cal. Code Civ. Proc. § 416.40 (applying to unincorporated associations).

The record demonstrates that Prentice-Hall was served. (Remand, Ex. 3, CA Sec. of State Business Entity Detail; CRM's Opp'n, Boyle Decl., 2:1-4.); *see M. Lowenstein & Sons, Inc. v. Superior Court*, 80 Cal. App. 3d 762, 767–68 (1978) (finding a plaintiff may properly serve an out-of-state defendant under § 415.40 by mailing the summons and complaint to an agent of service located in California), disapproved on other grounds in *Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 247 n.3 (1985); *see also* 3 Witkin, Cal. Proc. 5th (2008) Actions, § 1019, p. 1237; Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D (noting "[a] nonresident defendant can be served anywhere in the world . . . [t]he summons must be mailed 'to the person to be served'" (citing Cal. Code Civ. Proc. § 415.40)). CRM admits receiving the complaint, but says there is no evidence that proves it was served with a summons prior to September 4. (CRM's Opp'n, 6:23–26.) Once service is challenged, the plaintiff bears the burden of establishing that service was valid under section 415.40. *See Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1439–40.

Where a party serves a defendant by mail outside California under section 415.40, "proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." *Id.* § 417.20. A sworn affidavit and signed return receipt may provide satisfactory proof of actual delivery. *See Cruz v. Fagor America, Inc.*, 146 Cal. App. 4th 488, 498 (2007). Victoriano satisfied her burden by providing both a signed return receipt and sworn affidavit.

Lynette Gonzalez, administrative assistant to Victoriano's attorney, states that she mailed the summons and complaint to Prentice-Hall on August 22. (Remand, Gonzalez Decl.) She personally placed the summons in the envelope, and followed her office's protocols: "This is the office protocol and procedure present . . . all throughout my eight years of my employment. I follow the office protocol described herein on a daily and regular basis." (*Id.*). *See Lassiter v. Coxcom, Inc.*, 2008 WL 4646334, at *4 (S.D. Cal. Oct. 20, 2008) (holding plaintiff met its burden by showing it served the summons and complaint, in part, through its attorney's affidavit confirming the protocols used to serve defendant).

1  The signed return receipt further proves service: Prentice-Hall signed it, and CRM admits its agent was served. (CRM's Opp'n, Boyle Decl. ¶ 2.) *See Neadeau v. Foster*, 129 Cal. App. 3d 234, 237 (1982) (finding declarations and a return receipt sufficient to support a finding that defendant was "actually served with process").

Finally, CRM failed to provide any rebuttal evidence. *See Bonzer v. City of Huntington Park*, 20 Cal. App. 4th 1474, 1475 (1993) (noting Evidence Code § 641 creates a "rebuttable presumption that the notice had been received" in the ordinary course of mail); *Neadeau*, 129 Cal. App. 3d at 236–37 (holding, in part, that plaintiff proved service because the defendant offered no rebuttal evidence); *see also Tejada v. Sugar Foods Corp.*, 2010 WL 4256242, at *5 (C.D. Cal. Oct. 18, 2010) (noting defendant failed to rebut the presumption by not providing information concerning its procedures for opening mail or how its reviewed).

In sum, Victoriano met her burden by providing Gonzalez's sworn affidavit and the signed return receipt, both of which CRM failed to rebut. *See Cruz v. Fagor America, Inc.*, 146 Cal. App. 4th 488, 498 (2007) ("[T]he California statutory scheme (Code Civ. Proc., §§ 415.40 and 417.20 read together) permits completion of service by mail when the return receipt is signed by a person so authorized by the defendant . . . [defendant's] personal signature . . . is not required.") (quoting *Neadeau*, 129 Cal. App. at 236–37 (1982)).

Accordingly, section 415.10's ten-day rule applies. Here, the operative date is when Victoriano mailed the documents, which CRM does not contest: August 22. Since service is effectuated ten days thereafter, CRM was served on September 1. CRM removed 33 days later on October 3, three days past the removal period. The Court therefore finds the October 4 Notice of Removal untimely, but only to the extent it applies to the original complaint.

**B.     The Amended Notice of Removal**

28 U.S.C. Section 1446(b) "identifies two thirty-day periods for removing a case." *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010)).

/ / /

Each has its own removal period:

> The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face. The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained.

*Id.*

While the Notice of Removal was untimely within the first removal period, Plaintiff filed an FAC on September 4. This triggered a second thirty-day period. CRM had thirty days to remove, and CRM did so on October 3. However, without leave of the Court, CRM filed an Amended Notice on October 16—well beyond 30 days. Victoriano argues the Amended Notice was untimely. (Remand, 10:18-21.).

Initially, the Court notes that filing an Amended Notice beyond the thirty-day period—without leave—is a procedural defect, and sufficient grounds for rejecting it. *See, e.g., San Joaquin General Hospital v. Sheikh*, 2014 WL 4635535, at *4 (E.D. Cal. Sept.15, 2014) (finding the amended notice of removal was filed improperly because it was done after the removal period and without the court's approval); *Carr v. National Ass'n of Forensic Counselors, Inc.*, 2014 WL 7384718, at *4 (Dec. 29, 2014) (finding the defendant's second notice of removal—filed without the court's leave—was procedurally defective); *Thompson v. Intel Corp.*, 2012 WL 3860748, at *8 ("[f]ollowing the thirty-day period for removal, the defendant must rely on 28 USC § 1653 to amend its notice of removal . . . [a] defendant must seek leave of court to amend its notice of removal under 28 USC 1653."); *see also Hemphill v. Transfresh Corp.*, 1998 WL 320840, at *3 (noting courts may remand a case not complying with statutory removal procedures even though the case is removable) (citing Schwarzer, et al, Federal Civ. Pro. Before Trial § 2:961 (1997)). Nevertheless, the Court discusses other reasons why it rejects the Amended Notice.

The removal statute allows parties to freely amend their notice of removal within a thirty-day period. *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). After the thirty-day period expires, parties may clarify defective allegations of jurisdiction previously made, but cannot add allegations of substance. *Id.; see also Kacludis v. GTE*

1  *Sprint Communications Corp.*, 806 F. Supp. 866, 869 (noting defects in notice of removal are amendable after the thirty-day removal period) (citing *Barrow Dev. Co.*, 418 F.2d at 317 and 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris § 3733 at 358 (3d ed.) (noting the notice may be amended "only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice."). The Amended Notice was filed outside the thirty-day period. It is therefore proper only if new substantive allegations were not alleged.

The Notice of Removal alleged jurisdiction under the traditional diversity jurisdiction, and—for the first time—the Amended Notice alleged an entirely new basis for jurisdiction: CAFA. CRM admits this: "To wit . . . [CRM] admittedly and inadvertently did not specifically reference the CAFA statute . . . in its initial removal papers." (CRM's Opposition, 18:10–11.) The Ninth Circuit has consistently held that adding a new basis for jurisdiction goes beyond merely clarifying technical defects, but rather, amounts to adding a new substantive ground. *See ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (holding the defendant went beyond merely correcting a defective allegation of jurisdiction by amending its notice of removal to include alternate bases for removal jurisdiction); *Hemphill*, 1998 WL 320840, at *4 (June 11, 1998) (holding the defendant could not allege § 1337 for the first time in its motion to oppose remand when it only alleged diversity and federal question jurisdiction in its notice of removal); *Schmidt v. Ass'n of Apartment Owners of Marco Polo Condo.*, 780 F. Supp. 688, 701 (D. Hawai'i Jan. 25, 1991) (holding the defendant's attempt to add federal question jurisdiction in place of diversity jurisdiction in the amended removal petition as setting forth an entirely new basis for jurisdiction—an allegation of substance).

CRM's addition of CAFA is indeed an allegation of substance because CAFA establishes new grounds for jurisdiction. Although CAFA expands traditional diversity jurisdiction, it is a separate and distinct basis, and therefore cannot be raised outside the 30-day removal period. *See Dart Cherokee Basin Operating Co., LLC. v. Owens*, 135 S.Ct. 547 (2014) (noting CAFA's distinct requirements: "the class has more than 100 members, the

1  parties are minimally diverse, and the amount in controversy exceeds $5 million."); *see also*
2  *Carr*, 2014 WL 7384718, at *4 (Dec. 29, 2014) (finding CAFA cannot be added to the second
3  notice of removal; it's a distinct and completely separate basis for removal jurisdiction);
4  *Saachi v. ABC Financial Services, Inc.*, 2014 WL 4095009, at *3 (D.N.J. Aug. 18, 2014)
5  (noting "it is evident that § 1332(a) and CAFA constitute *separate* bases for removal of class
6  action matters") (emphasis in original).

7      For the reasons stated, the Court finds CRM's Amended Notice defective, and will
8  therefore only consider the original Notice of Removal in reviewing traditional diversity
9  jurisdiction.

10     **C.**    **Traditional Diversity Jurisdiction: 28 U.S.C. § 1332(a)**

11     Removal based on diversity jurisdiction requires complete diversity at the time the
12 action was filed and at the time of removal. *Ryan ex rel. Ryan v. Schneider Nat'l. Carriers,*
13 *Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citations omitted); *United Food & Comm. Workers*
14 *Union v. Centermark Properties Meridien Square, Inc.*, 30 F.3d 298, 301 (2nd Cir. 1994).
15 District courts have diversity jurisdiction over civil actions between citizens of different states
16 when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.
17 § 1332(a). In the class action context, each named plaintiff must meet the amount in
18 controversy requirement. *See Exxon Mobil Corp v. Allapattah Services, Inc.*, 545 U.S. 546,
19 555 (2005). If the named plaintiff has more than $75,000 in controversy, the remaining class
20 members' claims falling short of that amount could be brought through supplemental
21 jurisdiction. *Id.* There is no dispute that the diversity of citizenship element is satisfied here;
22 rather, Victoriano only disputes the amount in controversy.

23     **1.**    **Amount in Controversy**

24     Victoriano argues the Notice of Removal fails to establish the amount in controversy
25 exceeds $75,000. The Supreme Court held that a removing party's initial Notice of Removal
26 must include no more than "a plausible allegation that the amount in controversy exceeds
27 the jurisdictional threshold." *Dart Basin Operating Co., LLC*, U.S. 135 S.Ct. at 554 (2014).
28 / / /

And when, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* All that is needed is a "short and plain" statement, not evidentiary submissions. *Id.*

In *Dart Basin Operating Co., LLC*, the defendant's notice of removal alleged the basic requirements required under CAFA. The Supreme Court found this to be a sufficiently plausible allegation. *Id.* at 555. Similarly, CRM makes plausible allegations that § 1332(a)'s requirements are satisfied. The Notice of Removal alleges the named plaintiff, Shiela Victoriano, is completely diverse from CRM. (Notice of Removal, 10–22.) It also alleges that the amount in controversy exceeds $75,000. (*Id.* at 2–3.) Thus, on its face, the Notice of Removal is proper.

However, once removal is challenged through remand, both sides may submit evidence to establish the amount in controversy. *Id.* at 554. If damages are unstated in the complaint, defendant must prove by the "preponderance of the evidence" that the amount in controversy has been met. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To meet that burden, the defendant must establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). The Court may consider evidence submitted outside the complaint, "including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra,* 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

CRM fails to meet its burden. It submits evidence attempting to establish why the Court has jurisdiction under CAFA, but not 28 U.S.C. § 1332(a). For example, CRM multiplies estimated damages by 533 class members to establish the amount in controversy. (CRM's Opp'n, Decl. Leyton-Jones.) Its calculations total approximately $6,188,152. The Court has already established that CAFA jurisdiction does not apply and therefore considers

this evidence inapplicable. However, it considers CRM's estimates to the extent it represents the amount in controversy applying to the sole named plaintiff—Victoriano.

The $6,188,152 figure was calculated by multiplying estimated damages under California's labor codes by the average hourly rate of all non-exempt employees, or $14.94. (CRM's Opp'n, Decl. Stewart, 2:14–17.) This figure in fact inflates Victoriano's hourly wage of $13.25. (*Id.*, 2:5–6.) Even so, because Victoriano represents a fraction of the 533 non-exempt employees, or, 1/533, her damages would yield $11,610. This figure represents Victoriano's estimated amount in controversy based on CRM's own records, which falls short of the required $75,000 under § 1332(a).

CRM fails to provide any other evidence suggesting Victoriano's damages exceed $75,000.[1] For that same reason, the Court need not analyze whether the estimated amount in controversy is unreasonable or speculative. Because the record is devoid of any evidence to the contrary, CRM failed to meet its burden. Thus, the Court does not have jurisdiction under § 1332(a).

### D. Attorney's Fees

In the Motion to Remand, Victoriano requests an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that an order of remand "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." A court has "wide discretion" in deciding whether to award attorney's fees under this provision, and "bad faith need not be demonstrated." *Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). District courts retain discretion "to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever

---

[1] CRM also submitted indecipherable copies of Victoriano's pay stubs. However, its unclear how that alone would establish the amount in controversy. The Court has already factored Victoriano's hourly wage into its analysis.

remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id.* at 1066–67.

Victoriano fails to specify why the Court should grant attorney's fees. Her Motion to Remand is peppered with arguments suggesting CRM's basis for removal was unreasonable. But the Court was confronted with abundantly complex issues before it even reached the issue of jurisdiction. Clearly, CRM had multiple grounds where it could have reasonably asserted removal was proper. Its removal to this Court therefore was not objectively unreasonable. The Court declines to grant Victoriano's attorney's fees.

**IV. Conclusion**

For the foregoing reasons, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego, from which it was removed. Additionally, Victoriano's request for attorney's fees and costs is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 15, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge